**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ROBERT RAMON LOPEZ, a/k/a Robert Ramon-Lopez,

    Defendant - Appellant.

No. 16-1324
(D.C. No. 1:16-CR-00038-LTB-1)
(D. Colo.)

—————————————————

**ORDER AND JUDGMENT**[*]

—————————————————

Before **PHILLIPS**, **McKAY**, and **McHUGH**, Circuit Judges.

—————————————————

    Defendant Robert Lopez pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The plea agreement contemplated a Sentencing Guidelines range of seventy to eighty-seven months based on an offense level of twenty-one and a criminal history category of V. As part of the plea, the government agreed to recommend a sentence at the low end of the Guidelines. Subsequently, the probation office prepared a presentence report with a higher offense level and criminal history

—————————————————

[*] Neither party has requested oral argument. After examining the briefs and appellate record, this panel agrees that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

category than what the parties had anticipated. First, it applied a two-level stolen-weapon enhancement, which raised the offense level from twenty-one to twenty-three. Additionally, the probation office determined that Defendant had a criminal history category of VI. Based on this, the probation office calculated an advisory Guidelines range of ninety-two to 115 months. Defendant objected to the stolen-weapon enhancement and sought a one-level downward departure from his criminal history category under U.S.S.G. § 4A1.3 (b). He also moved for a downward variance.

At sentencing, the court sustained Defendant's objection, declining to apply the stolen-weapon enhancement, and granted the downward departure as requested by Defendant. This resulted in a Guidelines range of seventy to eighty-seven months—i.e., the Guidelines range contemplated by the parties when entering into the original plea agreement. Next, the court heard argument from both sides. Pursuant to its agreement, the government (ultimately) recommended seventy months. Defendant argued for a downward variance to sixty-three months based on his troubled background, his father's negative influence, his drug problems, and the fact that he had only one prior felony conviction.

After considering the parties' arguments, the court applied the sentencing factors set forth in 18 U.S.C. § 3553(a). It considered Defendant's troubled background and his acceptance of responsibility, but it emphasized the seriousness of the offense as well as Defendant's criminal history. The court also noted that Defendant had a history of not abiding by conditions of probation. Based on these considerations, the court sentenced

Defendant to seventy-eight months' imprisonment—a middle-of-the-Guidelines sentence. Defendant has now appealed, arguing that his sentence is substantively unreasonable.

We review the substantive reasonableness of a sentence for abuse of discretion. *United States v. Lewis*, 594 F.3d 1270, 1277 (10th Cir. 2010). "A district court abuses its discretion when it renders a judgment that is arbitrary, capricious, whimsical, or manifestly unreasonable." *Id.* "[I]n many cases there will be a range of possible outcomes the facts and law at issue can fairly support; rather than pick and choose among them ourselves, we will defer to the district court's judgment so long as it falls within the realm of these rationally available choices." *United States v. McComb*, 519 F.3d 1049, 1053 (10th Cir. 2007).

Defendant argues that the district court "struck a manifestly unreasonable balance by giving short shrift" to his troubled background, while giving "far too much weight" to his criminal history. (Appellant's Opening Br. at 11.) Specifically, he asserts that "the court should have given more weight to [Defendant's] personal history because . . . [it] played a significant role in [Defendant] having accrued criminal offenses over the years." (*Id*. at 12.) He also posits that the court "failed to give any weight to [Defendant's] recognition that his father had a bad influence on him and his need to take personal responsibility for his actions." (*Id*.) In short, Defendant maintains that the district court "mis-weigh[ed]" the statutory sentencing factors, that it "should have given more weight to [Defendant's] personal history," and that "the balance of factors in this case weighed in favor of greater leniency." (*Id*. at 11, 12, 13.)

But "it is not the job of an appellate court to review de novo the balance struck by a district court among the factors set out in § 3553(a)." *United States v. Sells*, 541 F.3d 1227, 1239 (10th Cir. 2008). The court did consider Defendant's "dysfunctional childhood leading to a dysfunctional adulthood, exacerbated by significant medical problems." (R. Vol. III at 68–69.) And it did acknowledge Defendant's acceptance of responsibility. (*Id.* at 66.) And it decided that a within-Guideline sentence was "sufficient but not greater than necessary to comply with the purposes set forth in 18 U.S.C. Section 3553(a)." (*Id.* at 69.) Where, as here, "the balance struck by the district court among the factors set out in § 3553(a) is not arbitrary, capricious, or manifestly unreasonable, we must defer to that decision even if we would not have struck the same balance in the first instance." *Sells*, 541 F.3d at 1239.

Accordingly, we **AFFIRM**.

Entered for the Court


Monroe G. McKay
Circuit Judge